**In the Matter of Nora E. PEOPLES.**

No. 49S00–9006–DI–402.

Supreme Court of Indiana.

Dec. 17, 1993.

---

### ORDER DENYING AUTOMATIC RE-INSTATEMENT AND CONTINU-ING SUSPENSION

On May 5, 1993, this Court handed down a *per curiam* opinion suspending the Respondent, Nora E. Peoples, from the practice of law for ninety (90) days, beginning June 18, 1993, with automatic reinstatement subject to a two (2) year period of probation under specific conditions.

On September 2, 1993, the Indiana Supreme Court Disciplinary Commission filed, pursuant to Admission and Discipline Rule 23, Section 4(c), objections to the Respondent's automatic reinstatement. By an order of September 24, 1993, this Court stayed Respondent's reinstatement and designated the Hon. Randall T. Shepard, Chief Justice, to hold a hearing on the Commission's objections.

This matter was heard on November 29, 1993, at 3:00 p.m., in the Supreme Court Chambers, the Hon. Randall T. Shepard presiding. The Commission appeared by attorney David Hughes. Respondent failed to appear either in person or by counsel. This Court takes notice of the records of the Clerk of this Court which records indicate that notice of this hearing was sent to Respondent by regular mail to Respondent's two addresses and that neither notice has been returned by the Post Office.

Being duly advised, this Court now finds that: 1. Respondent failed to comply with the terms of her suspension in that she failed to meet any of the terms of her probationary reinstatement. 2. Respondent failed to comply with the terms of Admis.Disc.R. 23(26)(b) in that she failed to file the requisite affidavit. 3. There is presently pending against Respondent a Verified Complaint for Disciplinary Action alleging 4 counts of misconduct. Accordingly, we find that Respondent should not be reinstated to the practice of law.

IT IS, THEREFORE, ORDERED, pursuant to Admis.Disc.R. 23(4)(c), that the Commission's Objections are hereby sustained. Accordingly, the Respondent should not be reinstated to the practice of law, and her suspension is hereby ordered continued until further order of this Court. Respondent may become eligible for reinstatement pursuant to Admis.Disc.R. 23, Sections 4 and 18.

The Clerk of this Court is ORDERED to send notice of this order as in the case of permanent disbarment or suspension to all parties designated in Admis.Disc.R. 23(3)(d).

Randall T. Shepard
Randall T. Shepard
Chief Justice of Indiana

All Justices concur.